IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEVI LLOYD HARVEY,

                    Plaintiff,


          v.                                CASE NO.  11-3139-SAC

NORMAN D. WILLIAMS,
Chief of Police, Wichita
Police Department,
et al.,

                    Defendants.

## O R D E R

     On September 13, 2011, the court entered an order, upon
screening the complaint filed herein, and found the following
deficiencies: failure to either pay the filing fee or submit a
complete Application to Proceed Without Prepayment of Fees and that
plaintiff's claims are barred by the applicable statute of
limitations and utterly fail to state a federal constitutional
violation.  Plaintiff was given time to satisfy the filing fee
prerequisites, pay an initial partial filing fee of $8.50, and show
cause why this action should not be dismissed under 28 U.S.C. § 1915A
and 28 U.S.C. § 1915(e)(2)(B).

     Plaintiff has since filed a Motion for Appointment of Counsel
(Doc. 4), an Application to Proceed without Prepayment of Fees on
forms (Doc. 5), and a document entitled "Complaint for Money Damages"
(Doc. 6), which the clerk docketed as his Response to the court's

1

screening order.  Having considered these filings, the court finds that plaintiff has failed to show cause why this action should not be dismissed for the reasons stated in the court's Order of September 13, 2011.  Accordingly, this action is dismissed.

Plaintiff's "Complaint for Money Damages," if treated as an Amended Complaint, is not upon forms as required by local rule.  An Amended Complaint completely supersedes the original complaint, and since the new complaint contains no counts or facts in support, it also utterly fails to state a federal constitutional claim.  In this document plaintiff does manage to list all defendants after the title, though still not in the caption as required by Rule 10 of the Federal Rules of Civil Procedure.  Many of the defendants are merely described as "responsible" to serve and protect citizens of Wichita Kansas.  This "complaint" plainly fails to address one of the main deficiencies set forth in the court's screening order, that plaintiff does not allege facts sufficient to state a federal constitutional violation.

If this document were treated as plaintiff's response to show cause why this action should not be dismissed, which he was ordered to file, it likewise utterly fails to address his failure to state facts sufficient to present a plausible claim that his federal constitutional rights were violated by any defendant.

Plaintiff's initial complaint concerned his being tazed during his 2008 arrest and an officer's removal of the tazer prods,

2

which caused him to bleed, as well as the denial of adequate medical follow-up.  The court found not only that these claims appeared to be time-barred, but that his allegations regarding the removal of the prods and denial of adequate medical care by allegedly unqualified persons were not based upon anything other than his lay opinion, and thus failed to establish a constitutional claim.  With respect to defendants that were named and not involved in plaintiff's arrest or medical treatment, the court found that plaintiff stated no federal constitutional claim based upon his challenges to the police department's administrative investigation and proceedings. Plaintiff does not allege additional facts to show that his being tazed and having the prods removed by the arresting officer, hia being provided medical attention by an LPN for the bleeding, or the subsequent administrative proceedings violated his constitutional rights.

Plaintiff does make some effort to argue that his claims are not time-barred.  However, the court is not convinced by the circumstances he describes.  Plaintiff's allegations that he refused to be questioned, which delayed administrative proceedings; and that he lacked legal knowledge do not amount to circumstances beyond his control or that entitle him to tolling of the statute of limitations.

Plaintiff inserts inside his Complaint/Response a letter to the undersigned judge that he has also attached to documents in other

3

cases.  This letter has no relevance to the claims raised in this complaint.

The court concludes for the foregoing reasons and for the reasons stated in its screening order that this action must be dismissed as time-barred, for failure to state a claim, and as frivolous.  The court further finds that this dismissal qualifies as a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed and all relief is denied.**

**IT IS FURTHER ORDERED that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 5) is provisionally granted for the sole purpose of dismissing this action, and that his Motion to Appoint Counsel (Doc. 4) is denied as moot.**

**IT IS SO ORDERED.**

Dated this 19th day of June, 2012, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**